THE STATE OF OHIO, APPELLEE, *v.* REGAN, APPELLANT.

(No. 2360—Decided September 14, 1988.)

*Frank C. Oehl,* assistant prosecuting attorney, for appellee.

*Edward K. Eberhart,* for appellant.

QUILLIN, J. The sole issue presented in this case is whether a husband, living with his wife, may be convicted of arson for burning property owned by his wife. We hold that a husband may be so convicted and therefore affirm the judgment.

Defendant, James Regan, was convicted of arson for burning his wife's car. R.C. 2909.03. At the time of the incident, the parties were married and living together. Regan argues that the trial court erred in failing to instruct the jury that a husband cannot be guilty of arson for burning his wife's property while they are married and residing together. Regan's three assignments of error each address this issue. Therefore, all three assignments of error will be considered together.

Regan's proposition of law is based on *State* v. *Phillips* (1912), 85 Ohio St. 317, 97 N.E. 976, in which the court held that Ohio follows the common-law fiction of the unity of husband and wife, thereby precluding the prosecution of either husband or wife for larceny of the other's goods. The Supreme Court held that the passage of the Married Women's Act (G.C. 7995 through 8004, predecessor sections to R.C. 3103.03 through 3103.08) did not alter its conclusion.

*Phillips* was decided in 1912. Although it has never been overruled, its rationale is now suspect in view of the societal changes during the ensuing seventy-six years. For example, one concern expressed by the *Phillips* court was that to rule otherwise would open the courts to interspousal torts.

Public policy is no longer a bar to interspousal torts. *Shearer* v. *Shearer* (1985), 18 Ohio St. 3d 94, 18 OBR 129, 480 N.E. 2d 388.

In any event, we are not required to decide whether we must follow *Phillips* because *Phillips* is distinguishable from the case before us. *Phillips* excepted from its ruling situations which involved, among other things, "schemes of fraud or violence." *Phillips,* at 319, 97 N.E. at 976. While larceny is not a crime of violence, arson is. R.C. 2901.01(I).

We hold that one may be prosecuted for burning a spouse's property even if the spouses are living together at the time of the incident.

The assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.